UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

LOVERS LANE, LLC,

    Plaintiff,

v.                         Case No: 2:18-cv-741-FtM-29MRM

WRIGHT NATIONAL FLOOD
INSURANCE COMPANY, a Florida
corporation,

    Defendant.

---

**OPINION AND ORDER**

This matter comes before the Court on review of defendant's Motion to Dismiss Plaintiff's Claims for Attorneys' Fees, Costs and Interest (Doc. #3) filed on November 9, 2018. On November 27, 2018, the Court directed plaintiff to file a response. (Doc. #8.) No response has been filed and the time to respond has expired.

In the single-claim Complaint for Breach of Contract (Doc. #1-2), originally filed in state court, plaintiff seeks various relief for flood damage caused to its property on or about September 10, 2017, by Hurricane Irma. Plaintiff submitted a claim to defendant seeking coverage for the damage under a National Flood Insurance Policy issued by defendant for the property. Plaintiff hired an investigator, who estimated the cost to repair the property at $64,917.54. On or about June 21, 2018, defendant denied coverage and refused to indemnify plaintiff. Plaintiff

alleges that this breached the insurance policy.  In addition to its flood damages, plaintiff's requested relief includes reasonable attorney's fees pursuant to Florida Statutes §§ 626.9373 and/or 627.428, interest, and costs.

On November 2, 2018, defendant removed the case from Lee County Circuit Court pursuant to 42 U.S.C. § 4072 because it participates in and issues Standard Flood Insurance Policies (SFIP) under the National Flood Insurance Program's Write-Your-Own Program (WYO).  Federal district courts have exclusive and original jurisdiction over these claims because a payment under the policy is a direct charge on the public treasury, and would be binding upon the federal government.

Relying on <u>Shuford v. Fidelity Nat. Prop. & Cas. Ins. Co.</u>, 508 F.3d 1337, 1343-44 (11th Cir. 2007); <u>Wright v. Allstate Ins. Co.</u>, 415 F.3d 384, 390-91 (5th Cir. 2005); and <u>House v. Bankers Ins. Co.</u>, 43 F. Supp. 2d 1329, 1331-32 (M.D. Fla. 1999), defendant argues that the requests for attorney's fees under state statutes, costs, and interest are preempted and barred.  The Court agrees that some of the relief requested is barred, and those requests will be stricken.

The Court agrees that the attorney's fees pursuant to Fla. Stat. §§ 626.9373 and/or 627.428 are preempted, and will therefore strike the reference to these state statutes.  The Court makes no determination as to whether attorney fees may be awarded under

federal law, although recognizing that at least some judges have found no federal basis for attorney fees.  Friedman v. S.C. Ins. Co., 855 F. Supp. 348, 350 (M.D. Fla. 1994) (There is "no basis in federal law for the assessment of attorneys' fees" in cases involving breach of contract actions covered by the National Flood Insurance Act of 1968 (citations omitted)); House v. Bankers Ins. Co., 43 F. Supp. 2d 1329, 1332 (M.D. Fla. 1999) ("As such, it is well established that individuals insured by private insurers under the NFIA are not entitled to attorney's fees." (citations omitted)).

The Court also agrees that interest is barred because it would be assessed against the government.  Newton v. Capital Assur. Co., 245 F.3d 1306, 1309, 1312 (11th Cir. 2001)(interest charges against WYO companies would be a direct charge against FEMA and are forbidden by the no-interest rule conferring immunity to the United States from interest awards.)  The Court will therefore strike the request for interest.

The Court declines to strike the request for costs, since federal law generally allows costs to the prevailing party, Fed. R. Civ. P. 54(d)(1), and *may* provide for costs in this case.

Accordingly, it is now

**ORDERED:**

1. Defendant's Motion to Dismiss Plaintiff's Claims for Attorneys' Fees, Costs and Interest (Doc. #3) is **DENIED** as

to dismissal but **GRANTED IN PART** as to striking the request for attorney fees pursuant to state statutes, and interest.

2. Paragraph 16 and the portion of the Wherefore Clause providing "including interest . . . attorney's fees pursuant to Florida Statutes §§ 626.9373 and/or 627.428" of the Complaint for Breach of Contract (Doc. #1-2) are **stricken**.

**DONE AND ORDERED** at Fort Myers, Florida, this __8th__ day of January, 2019.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Counsel of record